UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDWARD STROUGHTER, JR., <br><br> Plaintiff, <br><br> v. <br><br> WASHOE COUNTY JAIL DET. STAFF, <br><br> Defendants. | Case No. 2:19-cv-02021-GMN-DJA <br><br> SCREENING ORDER |

Plaintiff, who formerly was detained at the Washoe County Jail, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF Nos. 1-1, 7).

Plaintiff also has filed three motions requesting the status of his case. (ECF Nos. 10, 11, and 13). The Court denies those motions as moot.[1]

Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. The application to proceed *in forma pauperis* is therefore granted. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available. The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

/ / /

/ / /

---

[1] Plaintiff is advised that the Court will not respond to motions requesting the status of his case. Such motions place unnecessary administrative burdens on the Court. As long as Plaintiff maintains his current address, as he is required to do, he will receive notifications of any actions the Court takes in his case.

1

## I.   SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all

allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."  *Id.*  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.  SCREENING OF COMPLAINT

In his complaint, Plaintiff sues only "Washoe County Jail Det. Staff," which Plaintiff describes as "deputies jail staff."  (ECF No. 1-1 at 1, 2).  No such entity as the "Washoe

County Jail Det. Staff" exists.[2]  It appears that Plaintiff is attempting to sue unnamed deputies or staff that work at the Washoe County Jail, but the complaint does not include the name of any of those people. Thus, the complaint includes no named defendants.

Plaintiff brings three claims and seeks monetary damages. (*Id.* at 7, 10). The complaint alleges the following: While Plaintiff was standing in booking at July 4, 2019, between the hours of 2-5 p.m., a female deputy approached Plaintiff, yelling at him and telling him to stand up straight and open his eyes. (*Id.* at 5). Plaintiff responded by saying ok but that he was not feeling well. (*Id.*) She said that she didn't care, and Plaintiff considers this to be "harassment." (*Id.*) The female deputy then asked the gentleman in booking if he was done with Plaintiff, and he said he was. (*Id.*) Plaintiff then was "manhandled brutally" by the female deputy and two other male deputies. (*Id.*) Plaintiff was not resisting at all, but the deputies were overly aggressive and forced his arm behind his back. (*Id.*) Although Plaintiff was not resisting, the deputies brutally mistreated him, causing a break in his right arm by being overly aggressive. (*Id.* at 6).

After Plaintiff's arm was broken by the deputies, Plaintiff attempted to let them know something was wrong, but he was ignored, plus Plaintiff was very ill so it was hard to communicate. (*Id.* at 7). A day later, Plaintiff was too sick to mention it to another deputy. (*Id.*) Three days later, Plaintiff started asking for help and writing grievances, but he got no help for almost three weeks. (*Id.*) It was almost five weeks before he was taken to a doctor to find out that his right arm was broken. (*Id.*) Because it took so long for Plaintiff to be seen, Plaintiff had to have his arm broken again to fix it. (*Id.*)

Based on these allegations, Plaintiff brings Eighth Amendment claims for harassment, mistreatment, brutality, a broken arm, and inadequate medical care. (*Id.* at 5-7). However, it appears that Plaintiff was a pre-trial detainee at the time of the alleged events. A pretrial detainee is protected from conditions constituting punishment under the Due Process Clause of the Fourteenth Amendment, while those who already have

---

[2] Plaintiff may not sue the Washoe County Jail as it is a building and therefore may not be sued.

4

been convicted of offenses are protected from cruel and unusual punishment by the Eighth Amendment's Cruel and Unusual Punishment Clause. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1971). The Court therefore construes Plaintiff's claims as Fourteenth Amendment due process claims. To the extent Plaintiff is alleging that the female deputy violated his constitutional rights merely by verbally harassing him, he fails to state a colorable claim. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). The Court now addresses Plaintiff's claims regarding the physical force used against him and the response to his requests for medical care.

### A. Excessive Force

In *Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015), the Supreme Court held that a pretrial detainee states a claim for excessive force under the Fourteenth Amendment if: (1) the defendant used the force purposely or knowingly, and (2) the force purposely or knowingly used against the pretrial detainee was objectively unreasonable. *Id.* at 2472-73. The following are among the considerations that may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. *Id.* at 2473.

Plaintiff alleges that the three deputies used force on him to break his arm even though he was not resisting. This is sufficient to state a colorable excessive force claim. However, Plaintiff has not provided the names of the people who committed the allegedly unconstitutional acts, so I must dismiss this claim without prejudice and with leave to amend. A complaint cannot be served on unnamed defendants and a case may not proceed unless and until Plaintiff states a claim against a named defendant.

### B. Deliberate Indifference to Serious Medical Needs

A pretrial detainee's claim against individual defendants for violation of the right to proper medical care is evaluated under the Fourteenth Amendment's due process clause.

*Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018).  A pretrial detainee's claim of denial of the right to adequate medical care under the Fourteenth Amendment is analyzed under an objective deliberate indifference standard.  *Id.*  The elements of such a claim are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.  *Id.* at 25.

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.' "  *Id.* (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)).  A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard."  *Id.*  The mere lack of due care is insufficient.  *Id.*

The Court finds that Plaintiff has alleged facts sufficient to show conditions that placed him at substantial risk of suffering serious harm, which was the broken arm.  A reasonable jail official who knew that a detainee had a broken or otherwise injured arm that was going untreated would have understood the need for treatment and arranged for treatment.  Here, Plaintiff alleges that he started asking for help and writing grievances but got no help for three weeks.  Even if the Court were to construe these allegations liberally to find that Plaintiff has stated colorable claims against the people who Plaintiff asked to help him with his arm injury but failed to provide him with timely medical care, Plaintiff has not named any of the people who he allegedly asked for help, either in person or in a grievance, so the Court must dismiss this claim without prejudice, and with leave to amend.  If Plaintiff chooses to amend this claim, for <u>each</u> person he wishes to sue, he must state the person's true name and must allege <u>facts</u> sufficient to show that Plaintiff

6

informed that particular person of his arm injury, when Plaintiff made the statement to that person, what that person's response was, and when that person made the response.

### C. Leave to Amend

For Plaintiff's claims to proceed, he must amend his complaint to substitute the real names of the defendants and state colorable claims against those named defendants. If Plaintiff does not know or remember those names, he must either review the records he currently has in his possession to identify those names or file a properly supported and complete motion for the Court to issue a Rule 45 subpoena duces tecum so that he may obtain records that would have that information. If Plaintiff chooses to move for issuance of a Rule 45 subpoena duces tecum, he must attach a copy of his proposed Rule 45 subpoena(s) to his motion, and that motion must clearly identify the documents that would have the information Plaintiff seeks and also explain why the documents and information would be available from the entity or person that is the target of the subpoena. Plaintiff is directed to carefully review Rule 45 of the Federal Rules of Civil Procedure before filing such a motion.

If Plaintiff chooses to file an amended complaint with the true names of the defendants, he is advised that an amended complaint supersedes (replaces) the original complaint and the amended complaint therefore must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint." For each cause of action and each defendant, he must name the defendant and allege facts sufficient to show that the particular named defendant violated Plaintiff's civil rights. If Plaintiff does not amend the complaint to state a colorable claim against a named defendant within 60 days of the date of this order, the Court will dismiss this case with prejudice.

### III. CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 7) without having to prepay the full filing fee is granted. Plaintiff

shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Edward Stroughter, Jr., #1222652 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

It is further ordered that the Clerk of the Court will file the complaint (ECF No. 1-1) and will send Plaintiff a courtesy copy of the complaint.

It is further ordered that the complaint is dismissed without prejudice and with leave to amend.

It is further ordered that, if Plaintiff chooses to file an amended complaint, Plaintiff shall file the amended complaint within 60 days from the date of entry of this order.

It is further ordered that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file an amended complaint, he should use the approved form and he must write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff fails to file a timely amended complaint curing the stated deficiencies of the complaint, this action shall be dismissed with prejudice.

DATED THIS 6th day of November 2020.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE